270 P.2d 448

## STATE v. DE HERRERA et al.

### No. 8150.

Supreme Court of Utah.

May 14, 1954.

———◆———

Wallace, Adams & Peterson, Ogden, for appellants.

E. R. Callister, Atty. Gen., Walter L. Budge, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a robbery conviction in a case tried to the Court. Affirmed.

At the close of the state's case, defendants moved for dismissal on several grounds, all of which assailed the sufficiency of the evidence. Defendants offered no proof and there is no contradiction of the evidence adduced, save as denied by a not guilty plea.

At about 10:30 p. m., after attending a ball game in Ogden, the complaining witness went to a tavern for cigarettes, where one of the defendants struck up an acquaintance. About half hour later, after conversing and having a beer with the defendants, the witness left, but was followed by the former who shoved him into a car. The witness blacked out from what he believed to be a blow. He was taken to an isolated area near the railroad tracks and river, where all three defendants beat him. At about 2:30 a. m., a railroad fireman saw a man appearing to be nude, emerge from the brush, followed by another person who grabbed him and pulled him back. Police were summoned and arrived shortly and found two defendants standing behind a car, where, at their feet was found defendant's watch and cigarette lighter. One defendant was observed to throw something in the bushes, which proved to be shorts belonging to the witness. His pants were nearby, all of the pockets of which were turned inside out. Further on, one of the defendants was found astraddle the wit-

ness, who was covered with blood, and who was nude except for a shirt and shoes. His wallet was found next morning in the bushes, where, one of the officers asserted, it would have to have been thrown. The witness testified he had $27 when he quit work, and his wallet at the tavern the night before; that he had been rendered unconscious several times, and that defendants attempted certain moral indignities on his person. The record is silent as to whether or not any of the defendants had been searched or had any money. No one saw any of them handle any of the articles belonging to the witness which were found at the scene near the defendants, except the shorts which one of the officers definitely saw one of the defendants throw into the bushes.

On substantially the above evidence defendants urge that no robbery was shown to have been committed in the sense that term is defined in our statute.[1] They suggest that lacking proof, the trial court may have been incensed by the beating and the indignities to the point where he felt that the defendants should be severely punished and that the only way he could accomplish this, was by finding defendants guilty of robbery. We cannot share this appraisal of the trial court's attitude or motives either upon the evidence adduced here or by his reputation. Some of the evidence was circumstantial, but quite significant, and

uncontroverted. We believe it such as to bear out the trial court's conclusion, and to sustain the burden of proving guilt beyond a reasonable doubt to the satisfaction of a jury or a judge sitting without a jury as fact finder, and that it would not be said that as a matter of law there was insufficient evidence here to establish a robbery. Otherwise, it is difficult to determine when circumstantial evidence could be considered and weighed in a case, if ever.

McDONOUGH, C. J., and CROCKETT, WADE, and WORTHEN, JJ., concur.

---

1. Title 76–51–1, U.C.A. 1953: "Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, against his will, accomplished by means of force or fear."